# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES,<br><br>   Defendant. | Case No. 1:20-cv-01052-NONE-SAB<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL AND REQUIRING DEFENDANTS TO FILE RESPONSE TO PLAINTIFF'S MOTION TO FILE PSEUDONYMOUS PROCEEDINGS<br><br>(ECF Nos. 3) |

John Doe ("Plaintiff"), a federal prisoner, filed this action pursuant to the Federal Tort Claims Act alleging claims of negligence. Along with his complaint, Plaintiff filed a motion to file pseudonymous proceedings and a request to file documents under seal. (ECF Nos. 2, 3.)

Upon review of the motion to file pseudonymous proceedings,[1] other than a vague reference to assisting law enforcement which is not alleged in the complaint,[2] Plaintiff has stated a generalized fear of retaliation based upon the filing of this lawsuit and that this action involves highly-sensitive and private information about John Doe, the Federal Bureau of Prisons

---

[1] Plaintiff states that he is proceeding under a pseudonym in a related case, Doe v. Kane, No. 1:19-cv-00467-DAD-BAM (E.D. Cal.) In that action, his motion to proceed under a pseudonym was not addressed by the court, although the court did grant his request to file a declaration of identity under seal. (See ECF No. 18.)

[2] Should there be any legitimate concern that Plaintiff's status as a cooperator will be revealed this can be addressed by sealing or requiring redaction of any document that mentions that status. If there is an issue with such, the parties should include such information in the motion to proceed by pseudonym and file a request to file that document under seal.

operations and contains allegations of physical abuse and ongoing retaliation. In this instance, the Court shall order Defendant to file an opposition or statement of non-opposition to the motion prior to the Court rendering a decision on the motion. L.R. 230(c).

Plaintiff also requests to file a declaration of his true identity under seal. Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447 F.3d at 1172. The court has recognized a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989). Since resolution of disputes on the merits "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events[,]' . . . 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." Kamakana, 447 F.3d at 1179. However, for requests to seal documents attached to a nondispositive motion, a party is "required to show good cause for documents attached to a nondispositive motion." Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009).

Here, the Court finds that good cause exists to file a statement of Plaintiff's true identify under seal pending resolution of the motion to file pseudonymous proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to file a declaration of true identity under seal (ECF No. 3) is GRANTED;
2. The declaration of true identity shall be filed under seal and shall remain under seal until further order of this court;
3. Plaintiff shall e-mail the document requested to be sealed to ApprovedSealed@caed.uscourts.gov for filing under seal in compliance with Local Rule 141 within **two (2) days** of the date of entry of this order;
4. Defendant shall file an opposition or statement of non-opposition to Plaintiff's

motion to file pseudonymous proceedings within **thirty (30) days** of the date of service of the summons and complaint; and

5. Plaintiff shall file a proof of service within **five (5) days** of serving the defendant in this matter.

IT IS SO ORDERED.

Dated:   **July 31, 2020**

UNITED STATES MAGISTRATE JUDGE