# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>        Defendant. | Case No. 1:20-cv-01052-NONE-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE PSEUDONYMOUS PROCEEDINGS<br><br>(ECF Nos. 2, 20) |

John Doe ("Plaintiff"), a federal prisoner, filed this action pursuant to the Federal Tort Claims Act alleging claims of negligence. Currently before the Court is Plaintiff's motion to file pseudonymous proceedings. (ECF No. 2.) On July 31, 2020, Plaintiff's request to file notice of his identity under seal was granted pending resolution of the current motion. (ECF No. 8.) Plaintiff filed a notice of his identity under seal on August 12, 2020. (ECF No. 13.) The United States ("Defendant") filed an opposition to the motion on November 19, 2020. (ECF No. 20.) Having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g).

**I.**

**ALLEGATIONS IN COMPLAINT**

Plaintiff is housed at the United States Penitentiary in Atwater, California where he is serving a life sentence for racketeering and homicide. (Compl., ¶ 14, ECF No. 1.) Around April 10, 2017, Plaintiff became disoriented and had other psychological distress. (Id., ¶ 15.) Plaintiff

1

was restrained and removed to segregated custody in the Special Housing Unit ("SHU"). (Id.) Plaintiff was unable to recognize numerous, including long-term, acquaintances, and repeated reported his distress requesting medical and psychological review. (Id., ¶ 16.)

Around April 17, 2017, while he was still suffering symptoms, staff extracted him from his cell and gassed him with chemical munitions. (Id., ¶ 17.) Plaintiff sheltered under a towel and rubberized projectiles were shot into his cell. (Id.) Plaintiff was hit by at least eleven rounds and was injured. (Id.) His ankle was severely burned by an exploding flashbang and his toe was broken. (Id.)

Plaintiff was transferred to another cell and was secured so tightly that the handcuffs lacerated his wrist. (Id., ¶ 18.) He also suffered tingling and other nerve related symptoms for many months. (Id.) Plaintiff repeated requested medical and other care from staff over the next several weeks to no avail. (Id., ¶ 19.) Plaintiff's family also wrote letters requesting neurological and psychological review, but received no health care despite the pleas directly to Atwater and Bureau of Prison leadership. (Id., ¶ 20.)

Plaintiff did not receive medical care for his physical injuries for weeks and has not yet received adequate neurological consultation although personal is aware of his serious medical needs. (Id., ¶ 21.) Plaintiff was denied administrative appeal forms, access to mental and physical health care, and timely responses to his inmate appeals. (Id., ¶ 22.) Plaintiff alleges the following negligent acts by which he was harmed: a) denial of adequate medical care after a beating in his cell in mid-April 2017; b) leaving his cell door unlocked and ajar between December 1 and December 4, 2017; c) repetitive opening of his legal mail outside his presence; d) repetitive denial of administrative remedies; e) repetitive understaffing since before 2017; f) repetitive undertraining of the understaffed personnel since before 2017; and g) failure to preserve evidence and record data. (Id., ¶ 23.)

## II.

## LEGAL STANDARD

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint must include the name of all parties. Fed. R. Civ. P. 10(a). The normal presumption is that the parties

will use their real names which is related to the public's right to open courts and the rights of individuals to confront their accusers. Doe v. Kamehameha Schools ("Kamehameha Schools"), 596 F.3d 1036, 1042 (9th Cir. 2010). However, courts have allowed a party to proceed in anonymity where special circumstances justify the secrecy. Does I thru XXIII v. Advanced Textile Corp. ("Advanced Textile Corp."), 214 F.3d 1058, 1067 (9th Cir. 2000). In the Ninth Circuit, a party may proceed with the use of a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.' " Advanced Textile Corp., 214 F.3d at 1067-68 (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Advanced Textile Corp., 214 F.3d at 1068.

Courts have generally allowed a party to proceed with anonymity in three circumstances: "1) when identification creates a risk of retaliatory physical or mental harm[;]" 2) where it is necessary "to preserve privacy in a matter of sensitive and highly personal nature[;]" and 3) where the party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]" Advanced Textile Corp., 214 F.3d at 1068 (internal citations omitted). "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation," (4) the prejudice to the opposing party, and (5) the public interest." Kamehameha Schools, 596 F.3d at 1042.

Where the plaintiff has demonstrated a need for anonymity the district court should use its power to manage the pretrial proceedings and issue protective orders limiting disclosure of the protected party's name to preserve the anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate that matter. Advanced Textile Corp., 214 F.3d at 1069.

## III.

## DISCUSSION

Plaintiff seeks to proceed under a pseudonym in this action to prevent public identification of his identity.[1]  Plaintiff states that this matter involves highly sensitive and private information about himself, the Federal Bureau of Prisons ("FBOP"), physical abuse, and ongoing claims of retaliation and argues that the factors weigh heavily in favor of granting the motion and allowing him to proceed pseudonymously.

Defendant counters that the motion should be denied because Plaintiff has failed to show good cause to seal the documents and file pseudonymous pleadings.  Defendant contends that Plaintiff has not presented sufficient evidence to rebut the general presumption that the identities of parties to litigation are public.  Defendant argues that Plaintiff has offered only vague statements about possible violence and retaliation by prison workers and a generalized showing of susceptibility to abuse in prison is inadequate absent a factual basis of extreme personal history and expert evidence.  Further, Defendant asserts that allowing Plaintiff to file pseudonymously at this point will not address the concerns raised.  Defendant argues that to the extent that any particular concerns are implicated it can be addressed through a protective order.  Additionally, Defendant argues that it will be prejudiced should Plaintiff be allowed to proceed under a pseudonym because it will be necessary to investigate the interactions between the named employees and Plaintiff and the specific behavior of Plaintiff while he was in custody.  Therefore, it will be necessary to reveal Plaintiff's identify from the inception of the case to allow the individuals to refute the individualized accusations.  Finally, Defendant argues that anonymity is not conductive to accountability and Plaintiff has already attempted to district the Court from the allegations of negligence by including allegations of other claims that have been dismissed in a separate case.

### A.    The Severity of the Threatened Harm

Plaintiff argues that he is a federal inmate still in the custody of the FBOP.  The instant

---

[1] Plaintiff states that he is proceeding under a pseudonym in a related case, Doe v. Kane, No. 1:19-cv-00467-DAD-BAM (E.D. Cal.)  In that action, his motion to proceed under a pseudonym was not addressed by the court, although the court did grant his request to file a declaration of identity under seal.  (See ECF No. 18.)

4

matter alleges that he assisted law enforcement and inmates often consider assisting law enforcement with great disfavor. Plaintiff also contends that the case is about violence and other retaliation by prison workers and then being left without health care.

Plaintiff alleges that this action involves assisting law enforcement and other inmates often consider any help to law enforcement with disfavor. However, the allegations in the complaint do not relate to any alleged assistance with law enforcement and to the extent that such conduct would become relevant in this action, Plaintiff can seek to file any such information under seal. The fact that this action alleges Plaintiff was previously assaulted by prison workers is insufficient to demonstrate that Plaintiff is currently under any threat of harm should his identity be revealed. This Court regularly sees similar allegations and Plaintiff has failed to show that his case is unusual. The Court finds that this factor weighs against granting Plaintiff's motion to proceed in this proceeding with anonymity.

### B. The Reasonableness of the Anonymous Party's Fears

Plaintiff contends that his worse fears of torture and isolation have already happened and can happen again if he is not cautious. However, as alleged in the complaint, the incident at issue here was due to Plaintiff suffering from some type of psychological impairment which resulted in prison officials attempting to extract him from his cell. Plaintiff fails to demonstrate that if his identity is disclosed he will suffer violence or retaliation from prison workers. Rather, as alleged in the complaint, Plaintiff has kept clear conduct for over a decade prior to the incidents at issue in this action. (Compl., ¶ 14.) The reasonableness of Plaintiff's fears weighs against granting the motion. Compare Jane Roes 1-2 v. SFBSC Mgmt., LLC ("SFBSC Mgmt."), 77 F.Supp.3d 990, 995 (N.D. Cal. 2015) (reasonableness met as customary for exotic dancers to use stage names and disclosing true identity would present substantial risk of harm). This factor weighs against granting the motion.

### C. The Anonymous Party's Vulnerability to Retaliation

Plaintiff states that he is serving a life sentence without any possibility of parole. The FBOP can make his disappear into the bowels of ADX Florence, Colorado or into a cell with its door again unlocked. Plaintiff argues that he is wholly at the mercy of the Government

1 employees who are being sued her and whose negligence is at issue in this action. Plaintiff seeks
2 to proceed with anonymity to protect his true identity and status from the public at-large and
3 other FBPO employees. The relevant issue is whether Plaintiff has been threatened or suffered
4 retaliation and whether a reasonable person would believe that the threat or further retaliation
5 might actually be carried out. SFBSC Mgmt., 77 F.Supp.3d at 995.

6 In this instance, Plaintiff has failed to present any evidence that he has been subjected to
7 any retaliation and " 'mere membership in a class of offenders that may be targeted by other
8 inmates is [in]sufficient to make a defendant's case extraordinary' and warrant the use of a
9 pseudonym." Doe v. Ayers ("Ayers"), 789 F.3d 944, 946 (9th Cir. 2015) (granting motion
10 where "[p]etitioner's truly extreme history and the expert evidence he offered led [court] to
11 conclude that his particular circumstances represented the 'unusual case' in which the use of a
12 pseudonym is appropriate."); cf. Advanced Textile Corp., 214 F.3d at 1071 (textile workers
13 presented significant evidence of retaliation by blacklisting and possibility of deportation).
14 Plaintiff has failed to present any evidence that his risk of suffering retaliation is unusual such
15 that the use of a pseudonym would be appropriate. This factor weighs against granting the
16 motion.

17 **D.    Potential Prejudice to Opposing Party**

18 The Court also considers the potential prejudice to the defendants if Plaintiff is allowed to
19 proceed in anonymity in this action. Plaintiff has disclosed his identity to the defendants in this
20 action and is only seeking anonymity in the public record. Defendant argues that due to the
21 requirement that he exhaust administrative remedies it is highly likely that Plaintiff's identity is
22 already known and that it will be prejudiced because his identity will have to be disclosed during
23 the investigation into the allegations.

24 The court must consider "the precise prejudice at each stage of the proceedings to the
25 opposing party, and whether proceedings may be structured so as to mitigate that prejudice."
26 Advanced Textile Corp., 214 F.3d at 1068. Here, Plaintiff has disclosed his identity to the
27 defendant and the Court has the power " 'to manage pretrial proceedings' to shape discovery and
28 avoid impediments that anonymity might raise" such as allowing disclosure of Plaintiff's name

1  to third parties for the purposes of discovery. SFBSC Mgmt., LLC, 77 F.Supp.3d at 996.
2  Although issuing such an order will place additional burden on Defendant of ensuring that
3  Plaintiff's identity is not further disclosed, the Court finds the factor of prejudice to weigh in
4  favor of granting the motion.

5        **E.**      **Public Interest**

6        Finally, Plaintiff argues that public will not lose anything by allowing him to proceed in
7  anonymity.  Defendant counters that the public interest is not served by keeping Plaintiff's true
8  identity hidden in this action.

9        The "use of fictitious names runs afoul of the public's common law right of access to
10 judicial proceedings, Advanced Textile Corp., 214 F.3d at 106, and courts do not take lightly the
11 public's interest in open judicial records, SFBSC Mgmt., LLC, 77 F.Supp.3d at 996.  The use of
12 a fictitious name is in the public interest where it enables a plaintiff to bring a claim that would
13 otherwise be deterred.  Advanced Textile Corp., 214 F.3d at 1073.  However, this action is not
14 similar to other cases in which it has been found that claims would be deterred if disclosure was
15 required.  See Ayers, 789 F.3d at 945 ("Petitioner made a strong showing, based on the affidavit
16 of a highly-qualified correctional expert with relevant experience in the California prison system,
17 both that (1) other inmates would learn of his past [sexual] victimization if we were to recount it
18 in a published opinion captioned in his proper name, and (2) this notoriety would create a
19 significant risk of severe harm at the hands of other inmates, a risk to which he would be quite
20 vulnerable."); Doe K.G. v. Pasadena Hospital Ass'n, Ltd., No. 218CV08710ODWMAAX, 2019
21 WL 1612828, at *1 (C.D. Cal. Apr. 15, 2019) (considering serious and sensitive nature of the
22 allegations of repeated sexual assault).

23       Rather, based on the large number of prisoner complaints that are filed it is unlikely that
24 requiring a plaintiff to identify himself in a similar action will chill prisoners from bringing such
25 actions to assert their federal and constitutional rights.  See United States v. Stoterau
26 ("Stoterau"), 524 F.3d 988, 1013 (9th Cir. 2008) (recognizing that if nature of prisoner's offense
27 alone could qualify him for the use of a pseudonym, there would be no principled basis for
28 denying pseudonymity to any defendant convicted of a similar sex offense.  Such a significant

broadening of the circumstances in which we have permitted pseudonymity is contrary to our long-established policy of upholding "the public's common law right of access to judicial proceedings," and contrary to our requirement that pseudonymity be limited to the "unusual case.").

Here, Plaintiff has failed to demonstrate that his case is unusual and the factors that he asserts are equally present for all prisoners. Considering the factors to be evaluated, the Court finds that the value of anonymity in this action is greatly outweighed by the public interest in favor of open judicial proceedings. Stoterau, 524 F.3d at 1013. Therefore, Plaintiff's motion to file pseudonymous proceedings shall be denied. See Fernandez v. Nevada, 361 F. App'x 859, 859 (9th Cir. 2010) (no abuse of discretion in denying use of pseudonym because there were no special or unusual circumstances that justified protection of prisoner's identity).[2]

## IV.

## CONCLUSION AND ORDER

After weighing the factors to be considered in determining if Plaintiff should be allowed to proceed in anonymity in this action, the Court finds that the value of anonymity in this action is greatly outweighed by the public interest in favor of open judicial proceedings..

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file pseudonymous proceedings, filed July 30, 2020, is denied;
2. The declaration of counsel, filed August 12, 2020, is unsealed; and
3. The Clerk of the Court shall adjust the docket and title of this action to reflect Plaintiff's name, Jason Palacios.

IT IS SO ORDERED.

Dated: __December 16, 2020__

UNITED STATES MAGISTRATE JUDGE

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

8